This document was signed electronically on July 1, 2016, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: July 1, 2016



ALAN M. KOSCHIK
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| COSHOCTON COUNTY MEMORIAL | ) |
| HOSPITAL ASSOCIATION, | ) Case No. 16-51552 |
| an Ohio nonprofit corporation, | ) |
| | ) Judge Koschik |
| Debtor. | ) |
| | ) |
| (Federal Tax I.D. No. 31-4387577) | ) |

**ORDER (I) AUTHORIZING THE DEBTOR TO (A) PAY CERTAIN PREPETITION EMPLOYEE OBLIGATIONS AND RELATED CLAIMS AND (B) CONTINUE TO PROVIDE EMPLOYEE BENEFITS IN THE ORDINARY COURSE OF BUSINESS AND <u>(II) GRANTING OTHER RELATED RELIEF</u>**

This matter coming before the Court on Motion of Debtor for an Order (I) Authorizing the Debtor to (A) Pay Certain Prepetition Employee Obligations and Related Claims and (B) Continue to Provide Employee Benefits in the Ordinary Course of Business and (II) Granting Other Related Relief, Docket No. 7 (the "Motion"), filed by the above-captioned debtor and debtor in possession (the "Debtor"). The Court having reviewed the Motion; the Court finding that: (a) the Court has

{6205062:4}

16-51552-amk    Doc 37    FILED 07/01/16    ENTERED 07/01/16 16:22:24    Page 1 of 4

jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 157; (b) this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue of this chapter 11 case and the Motion is proper under 28 U.S.C. § 1408 and § 1409; (d) service and notice of the Motion was sufficient under the circumstances; and (e) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion shall be, and hereby is, GRANTED.

2. Capitalized terms used but not defined herein have the meanings given to them in the Motion.

3. The Debtor is authorized, but not directed, to pay, honor, and provide as it may be, in its sole discretion: all Employee Obligations, in accordance with Debtor's stated policies, that accrued but remained unpaid as of the Petition Date, up to the aggregate amount of $300,000 subject to the Debtor's right to request additional relief if necessary.

4. The Debtor is authorized, but not directed, to forward all appropriate amounts relating to the Withheld Amounts to the appropriate third-party recipients.

5. The Debtor is authorized, but not directed, to process in the ordinary course and continue to provide the Employee Benefits in the ordinary course of business, including any prepetition amounts related thereto, as described in the Motion, up to the aggregate amount of $90,000 subject to the Debtor's right to request additional relief if necessary.

6. The Debtor is authorized, but not directed, to modify, discontinue and/or replace, in its sole and absolute discretion, any policies, plans, offerings or programs relating to any Employee Obligations and any Employee Benefits as it deems appropriate, and to pay any amounts necessary

to facilitate such modification, cancellation, discontinuance or replacement in the ordinary course of business without the need for further Court approval.

7. The Debtor is authorized to continue the Funded Program for workers' compensation and pay any accrued but unpaid prepetition Funded Premium related thereto.

8. The Debtor is authorized to continue to operate its 457(b) Plan and pay the accumulated funds in the 457(b) Plan to the Plan Participants entitled to distributions in the ordinary course of business.

9. The banks and financial institutions at which the Debtor maintains those accounts which are utilized to pay the Employee Obligations, the Withheld Amounts, and the Employee Benefits are authorized and directed to honor checks presented for payment, and to honor all fund transfer requests made by the Debtor related to the foregoing, to the extent sufficient funds are on deposit in such accounts.

10. Notwithstanding any other provision of this order, no payments to any individual employee shall exceed the amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

11. Nothing herein shall be deemed to authorize the payment of any amounts in satisfaction of bonus or severance obligations, or which are subject to section 503(c) of the Bankruptcy Code.

12. The Debtor shall be authorized, but not directed, to cash-out unpaid PTO obligations upon termination of an Employee consistent with state law and the Debtor's policy, but such cash-out shall remain subject to the amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

13. Nothing contained herein shall constitute, or be deemed to constitute, an admission regarding the validity of any claim against the Debtor, a promise to pay a claim, or a waiver of the

Debtor's right to dispute any claim, nor shall anything contained herein constitute, or be deemed to constitute, the assumption of any policy, procedure, or executory contract that may be described or referenced in the Motion.

14. The requirements of Bankruptcy Rule 6003(b) have been satisfied in response to the payments authorized herein.

15. This Order shall be immediately effective and enforceable upon its entry. To the extent applicable, the 14-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

16. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

# # #

Prepared by:

Sean D. Malloy (0073157)
Michael J. Kaczka (0076548)
Maria G. Carr (0092412)
McDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
E-mail: smalloy@mcdonaldhopkins.com
mkaczka@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com

PROPOSED COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION