This document was signed electronically on July 22, 2016, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: July 22, 2016



ALAN M. KOSCHIK
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| COSHOCTON COUNTY MEMORIAL ) | |
| HOSPITAL ASSOCIATION, ) | Case No. 16-51552 |
| an Ohio nonprofit corporation, ) | |
| ) | Judge Koschik |
| Debtor. ) | |
| ) | |
| (Federal Tax I.D. No. 31-4387577) ) | |

**ORDER AUTHORIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED IN THE <u>ORDINARY COURSE OF THE DEBTOR'S BUSINESS</u>**

This matter coming before the Court on the Motion of Debtor for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtor's Business, Docket No. 27 (the "Motion"), filed by the above-captioned debtor and debtor in possession (the "Debtor"). The Court having reviewed the Motion; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court for the Northern District of Ohio pursuant to 28 U.S.C.

{5982578:2}

§ 157; (b) this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue of the chapter 11 case and the Motion is proper under 28 U.S.C. §§ 1408 and 1409; (d) service and notice of the Motion was sufficient under the circumstances; and (e) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion shall be, and hereby is, GRANTED as set forth herein.

2. Capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

3. The Debtor is authorized, but not required, to retain, employ, and to pay the reasonable fees and expenses of the Ordinary Course Professionals so that they may assist and advise the Debtor in the operation of its business.

4. The Debtor is authorized, but not required, to pay each Ordinary Course Professional identified no more than $75,000 over the duration of the chapter 11 case. The Debtor cannot pay more than such amounts for services rendered without an order of this Court authorizing such higher amount. In the event the fees of any Ordinary Course Professional exceed $75,000 during the course of the chapter 11 case, such Ordinary Course Professional shall file a fee application with this Court for the amount of the fees in excess of the aforementioned limitations.

5. Commencing on August 20, 2016 and the 20th business day of every month thereafter during which the chapter 11 case is pending, a statement will be filed with the Court and served on: the United States Trustee for the Northern District of Ohio, counsel to any statutory creditors' committee appointed in the chapter 11 case, the postpetition secured lender, and the undersigned counsel to the Debtor (collectively, the "Notice Parties") with respect to the immediately preceding month. Such statement will include the following information for each

{5982578:2}                                     2

16-51552-amk    Doc 90    FILED 07/22/16    ENTERED 07/22/16 15:56:11    Page 2 of 12

Ordinary Course Professional: (a) the name of such Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the previous month; and (c) a general description of the services rendered by such Ordinary Course Professional.

6. Notice Parties shall have 10 days following the filing of the monthly accounting to file objections to payments to a particular Ordinary Course Professional reflected in that statement.

7. In the event an objection to the amounts paid to an Ordinary Course Professional is filed, the Court shall determine the reasonableness and necessity of such fees and expenses in accordance with section 330 of the Bankruptcy Code.

8. Each Ordinary Course Professional who is an attorney shall file an affidavit of lack of adverse interest (substantially in the form attached hereto as <u>Exhibit 1</u>) with the Court and each Ordinary Course Professional who is not an attorney shall file an affidavit of disinterestedness (substantially in the form attached hereto as <u>Exhibit 2</u>) with the Court, and serve copies thereof on the Notice Parties and those parties requesting notice pursuant to Rule 2002(g) of the Bankruptcy Rules prior to or contemporaneous with the submission to the Debtor of invoices accompanying a request for compensation.

9. The Debtor shall not make any payment to any Ordinary Course Professional who has failed to file such affidavit.

10. The Notice Parties shall have 10 days from the date of service of the Ordinary Course Professional affidavit to object to the retention of such professional. If any objection cannot be resolved within 10 days of service, the matter will be scheduled for a hearing.

11. If the Debtor desires to retain an additional Ordinary Course Professional (beyond those listed on Exhibit 3 to this Order), the Debtor shall follow the procedures outlined in the Motion for issuing a Supplemental Notice. Any new Ordinary Course Professional retained pursuant to a Supplemental Notice will be paid in accordance with the terms and conditions set forth above.

12. Notwithstanding anything to the contrary contained herein, the terms and conditions of this Order, and authority granted to the Debtor herein, shall be subject in all respects to any requirements imposed upon the Debtor under any approved debtor in possession financing facility or order with respect thereto regarding the use of cash collateral, including, without limitation, any approved budget.

13. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

# # #

Prepared by:

/s/Sean D. Malloy (0073157)
Michael J. Kaczka (0076548)
Maria G. Carr (0092412)
McDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
E-mail: smalloy@mcdonaldhopkins.com
       mkaczka@mcdonaldhopkins.com
       mcarr@mcdonaldhopkins.com

PROPOSED COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re: )
) Chapter 11
COSHOCTON COUNTY MEMORIAL )
HOSPITAL ASSOCIATION, ) Case No. 16-51552
an Ohio nonprofit corporation, )
) Judge Koschik
Debtor. )
)
(Federal Tax I.D. No. 31-4387577) )

**AFFIDAVIT OF _____ IN SUPPORT OF EMPLOYMENT AS PROFESSIONAL TO RENDER SERVICES IN THE ORDINARY COURSE OF BUSINESS**

STATE OF [_____] )
)SS.
COUNTY OF [_____] )

I, _____, being first duly sworn and deposed, state:

1. I am a member of [_____], which maintains offices at [_____].

2. Prior to the commencement of the above-captioned chapter 11 case, [Professional] was retained by the Debtor to provide [general description of services provided].

3. The Debtor owes [Professional] approximately $[_____] for prepetition services rendered from [_____] through [_____].

4. To the best of my knowledge, [Professional] has no other connection with the Debtor, its creditors, other parties-in-interest, or the United States Trustee [except that _____].

5. [Professional] may have performed services in the past and may perform services in the future, in matters unrelated to the Debtor's chapter 11 case, for persons that are parties in interest in the Debtor's chapter 11 case. As part of its customary practice, [Professional] is retained in cases, proceedings and transactions involving many different parties, some of whom

may represent or be employed by the Debtor, claimants and parties in interest in the chapter 11 case.

      6.     [Professional] represents that neither it, nor any member or professional employed by [Professional], insofar as can be reasonably ascertained, holds or represents any interest adverse to the Debtor or its estate with respect to the matters on which [Professional] is to be employed.

_____
[Name]

Subscribed and sworn to before
me this ____ day of _____, 2016

_____
Notary Public

# EXHIBIT 2

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| COSHOCTON COUNTY MEMORIAL ) | |
| HOSPITAL ASSOCIATION, ) | Case No. 16-51552 |
| an Ohio nonprofit corporation, ) | |
| ) | Judge Koschik |
| Debtor. ) | |
| ) | |
| (Federal Tax I.D. No. 31-4387577) ) | |

**AFFIDAVIT OF _____ IN SUPPORT OF EMPLOYMENT AS PROFESSIONAL TO RENDER SERVICES IN THE ORDINARY COURSE OF BUSINESS**

STATE OF [_____] )
)SS.
COUNTY OF [_____] )

I, _____, being first duly sworn and deposed, state:

1. I am a member of [_____], which maintains offices at [_____].

2. Prior to the commencement of the above-captioned chapter 11 case, [Professional] was retained by the Debtor to provide [general description of services provided].

3. The Debtor owes [Professional] approximately $[_____] for prepetition services rendered from [_____] through [_____]. [Professional] has agreed to waive that amount against the Debtor as part of the requirement to allow [Professional] to proved postpetition services.

4. To the best of my knowledge, [Professional] has no other connection with the Debtor, its creditors, other parties-in-interest, or the United States Trustee [except that _____].

5. [Professional] may have performed services in the past and may perform services in the future, in matters unrelated to the Debtor's chapter 11 case, for persons that are parties in

{6234332:}

interest in the Debtor's chapter 11 case. As part of its customary practice, [Professional] is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtor, claimants and parties in interest in the chapter 11 case.

      6.      [Professional] represents that neither it, nor any member or professional employed by [Professional], insofar as can be reasonably ascertained, holds or represents any interest adverse to the Debtors or their estates and is "disinterested" within the meaning of 11 U.S.C. §101(14).

_____
[Name]

Subscribed and sworn to before
me this \_\_\_\_ day of _____, 2016

_____
Notary Public

# **EXHIBIT 3**

| In re: | ) |
|---|---|
| | ) Chapter 11 |
| COSHOCTON COUNTY MEMORIAL | ) |
| HOSPITAL ASSOCIATION, | ) Case No. 16-51552 |
| an Ohio nonprofit corporation, | ) |
| | ) Judge Koschik |
| Debtor. | ) |
| | ) |
| (Federal Tax I.D. No. 31-4387577) | ) |

**LIST OF ORDINARY COURSE PROFESSIONALS**

| Firm Name | Type of Work |
|---|---|
| BDO | Pension plan auditors |
| LP Consulting | Pension plan consultants |
| Blue & Co., LLC | Audit/cost report accountants |
| Katz Brunner Healthcare | Managed care, regulatory consultants |
| Frantz Ward LLP | Legal (labor) |
| Vorys, Sater, Seymore and Pease LLP | Legal (benefits) |
| Bricker & Eckler LLP | Legal (labor) |
| Hall, Render, Killian, Heath & Lyman, P.C. | Legal (low volume settlements) |