| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| CH LIQUIDATION ASSOCIATION, | ) |
| an Ohio nonprofit corporation, | ) Case No. 16-51552 |
| | ) |
| Debtor. | ) Judge Koschik |
| | ) |
| (Federal Tax I.D. No. 31-4387577) | ) |
| | ) |

**DEBTOR'S RESPONSE TO OBJECTION OF GENESIS HEALTHCARE SYSTEM TO
FIRST AMENDED DISCLOSURE STATEMENT**

The above-captioned debtor and debtor in possession (the "Debtor") hereby files this

Response to the Objection of Genesis Healthcare System to First Amended Disclosure Statement

for First Amended Joint Chapter 11 Plan of Liquidation for Coshocton County Memorial

Hospital Association n/k/a CH Liquidation Association of the Debtor and the Official Committee

of Unsecured Creditors, Docket No. 417 (the "Objection"), filed by Genesis Healthcare System

("Genesis"). The Debtor responds to the Objection and respectfully represents as follows:

**Background**

1.       On April 25, 2017, the Debtor filed the Amended Motion of Debtor for an Order

(A) Approving Disclosure Statement; (B) Establishing Procedures for Solicitation and

Tabulation of Votes to Accept or Reject First Amended Joint Chapter 11 Plan of Liquidation for

Coshocton County Memorial Hospital Association n/k/a CH Liquidation Association of the

Debtor and the Official Committee of Unsecured Creditors; (C) Scheduling a Hearing on

Confirmation of Joint Plan of Liquidation; and (D) Approving Notice Procedures, Docket No.

393 (the "Disclosure Statement Motion"), requesting this Court's approval of the Debtor's

Disclosure Statement for Chapter 11 Plan of Liquidation for Coshocton County Memorial

{6783132:}

Hospital Association n/k/a CH Liquidation Association of the Debtor, Docket No. 390 (the "Disclosure Statement"). Concurrently with the filing of the Disclosure Statement, the Debtor filed the Chapter 11 Plan of Liquidation for Coshocton County Memorial Hospital Association n/k/a CH Liquidation Association, Docket No. 389 (as amended, the "Plan").

2.　　On May 22, 2017, the Debtor filed the First Amended Joint Chapter 11 Plan of Liquidation for Coshocton County Memorial Hospital n/k/a CH Liquidation Association of the Debtor and the Official Committee of Unsecured Creditors, Docket No. 405, amending the Plan to reflect the Plan's status as a joint plan presented by both the Debtor and the Official Committee of Unsecured Creditors (the "Committee"). The Debtor also amended the Disclosure Statement to reflect the Plan's status as a joint plan.  *See* First Amended Disclosure Statement for First Amended Joint Chapter 11 Plan of Liquidation for Coshocton County Memorial Hospital n/k/a CH Liquidation Association of the Debtor and the Official Committee of Unsecured Creditors, Docket No. 406 (the "Amended Disclosure Statement").

3.　　 On May 24, 2017, Genesis filed the Objection.

**Argument**

4.　　On April 6, 2017, counsel for the Debtor and the Committee shared with counsel for Genesis a draft of the proposed plan and subsequently held a conference with Genesis counsel to discuss the proposed plan in an effort to engage in a constructive dialogue to resolve any potential objections and minimize administrative costs associated with a contested plan confirmation process. Genesis elected a different path. It did not engage in further discussions with the Debtor or the Committee, never provided the Debtor or the Committee any comments or proposed changes to the proposed plan, and instead, filed the Objection. Debtor believes that the Genesis Objection is more litigation tactic than serious disclosure statement objection.  Genesis is aware that its actions, and those of its Chief Executive Officer who simultaneously served

16-51552-amk　　Doc 421　　FILED 05/26/17　　ENTERED 05/26/17 15:17:47　　Page 2 of 5

prepetition on the Board of Trustees of the Debtor, are being investigated by the Committee, and so it does not like the idea of a plan being approved that will allow the continued investigation (and perhaps prosecution) of claims against it. The substance of the Objection seems to be more focused on casting aspersions against the Debtor, the Committee, and their professionals than on any legitimate concerns about adequate information. However, this Response addresses each specific objection.

**Disclosure Statement Objections:**

Objection:     The Committee was added as a Plan proponent and therefore the revised Plan does not constitute an amendment but rather a wholly new plan.

Response:     The substance of the Plan has not changed. The inclusion of an additional Plan proponent does not affect the ability of creditors to make an informed voting judgment. In fact, the change provides creditors with useful information – that the Committee supports the Plan.

Objection:     The liquidation analysis underestimates post-confirmation professional fees.

Response:     Genesis is substituting its judgment for that of the Debtor on this issue. Monthly post-confirmation fees are expected to be lower than pre-confirmation fees, other than (potentially) those fees related to litigation, which are specifically addressed in the liquidation analysis as an unknown. Genesis's interest in the post-confirmation fees should be viewed in light of the fact that it is a target of an on-going investigation by the Committee into potential objections to Genesis's asserted claims against the estate and the estate's potential causes of action against Genesis.

The Committee filed a motion for examination of Genesis pursuant to Fed.R.Bankr. P. 2004 on January 4, 2017. Genesis objected to the motion. The Court ultimately entered an Order authorizing the Committee's examination of Genesis pursuant to Fed.R.Bankr. P. 2004 on January 31, 2017 [Dkt. No. 350]. It was the Committee's and the Debtor's intent to complete the investigation prior to the filing of the plan, but because of Genesis' objections and failure to meet the production deadlines established by the Court, this became unfeasible. Genesis did not begin producing documents responsive to the Committee's requests until March 16, 2017 and did not finish its document productions until April 1, 2017. The Committee has been diligently working through approximately 24,000 documents produced by Genesis. Until the Committee's investigation is completed, it is impossible to provide a more precise estimate of the post-

16-51552-amk    Doc 421    FILED 05/26/17    ENTERED 05/26/17 15:17:47    Page 3 of 5

confirmation professional fees, as such fees will be in large part affected by whether or not there is litigation against Genesis.

Objection:    There is not sufficient oversight for a "bevy of professionals" that have been "enjoying the fruits of the case."

Response:    This language is insulting and unnecessary. Substantively, there will be an oversight committee of sophisticated unsecured creditors with undisputed claims who will be involved post-confirmation. With respect to final fee applications, they are public documents to which any creditor can respond.

Objection:    The Amended Disclosure Statement is devoid of substantive discussion as to possible tort claims and who will prosecute them.

Response:    The primary potential tort claim is an eight figure lawsuit against Genesis, and Genesis is well aware of that. Estimation of the value of that claim is not available at this time, in part due to the many delays the Committee has experienced in trying to get discovery from Genesis. The potential claims against Genesis and other potential causes of action of the estate are described in Article VII of the Amended Disclosure Statement. The Debtor Representative will be the same person as the Liquidating Trustee and will prosecute all appropriate cause of action.

Objection:    Releases and related provisions are too broad and not enough information about them is provided.

Response:    The Debtor is not aware of any valid causes of action against the parties being released or exculpated in the Plan. Notably, the members of the Debtor's Board of Trustees and officers of the Debtor are not being released from prepetition conduct. The Debtor is aware that the Committee believes there are claims that must be investigated, including the actions of Matthew Perry, who was CEO of Genesis (the Debtor's primary competitor) at the same time he had a fiduciary duty as a member of Board of Trustees of the Debtor. The Disclosure Statement is quite clear that such claims are not being released. In addition, the Debtor has been contacted with informal comments by the Office of the United States Trustee (the "UST") about the scope of releases and exculpations in the Plan. The Debtor, the Committee, and the UST are working productively to fine tune the relevant provisions of the Plan to make them acceptable to the UST.

**Confirmation Objections:**

Objection:    There is an attempt to shelter attorneys from prospective negligence in contravention to law.

Response:    That is not the intent of the Plan, and to the extent necessary the Plan will be amended. The author of this Response, however, objects to the implications of

16-51552-amk    Doc 421    FILED 05/26/17    ENTERED 05/26/17 15:17:47    Page 4 of 5

unethical conduct raised by Genesis, which are unfounded and easily could have been resolved by a phone call. In any event, this is a confirmation objection that does not rise to the level requiring treatment at the disclosure statement stage.

Objection:     The Plan cannot be used as a substitute for an adversary proceeding related to claim subordination.

Response:     There is no intent by any Plan proponent to circumvent due process related to claim subordination. However, this is a confirmation objection that does not rise to the level requiring treatment at the disclosure statement stage.

WHEREFORE, the Debtor respectfully requests that: (i) the Objection be overruled; (ii) the Court approve the Amended Disclosure Statement; and (iii) the Court grant any additional relief that the Court deems appropriate.

May 26, 2017                                    Respectfully submitted,

/s/ Sean D. Malloy
Sean D. Malloy (0073157)
Michael J. Kaczka (0076548)
Maria G. Carr (0092412)
McDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Facsimile:  (216) 348-5474
E-mail: smalloy@mcdonaldhopkins.com
            mkaczka@mcdonaldhopkins.com
            mcarr@mcdonaldhopkins.com

COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION